**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES HOUSE OF REPRESENTATIVES, | |
| *Plaintiff*, | |
| v. | Case No. 1:19-cv-00969 |
| STEVEN T. MNUCHIN, in his official capacity as Secretary of the United States Department of the Treasury, *et al.*, | |
| *Defendants*. | |

**UNITED STATES HOUSE OF REPRESENTATIVES' UNOPPOSED MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT AND REQUEST FOR AN ORDER
DENYING INJUNCTIVE RELIEF AND FOR ENTRY OF JUDGMENT**

The U.S. House of Representatives respectfully moves for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15. The House additionally requests an order denying injunctive relief pursuant to Rule 65 and an entry of judgment pursuant to Rule 58. As the parties explained in their joint status report (ECF No. 57), defendants do not oppose this relief.

**BACKGROUND**

The House filed its complaint (ECF No. 1) in this action on April 4, 2019. The complaint raises three counts challenging defendants' threatened construction of a wall along the southern border of the United States using funds transferred under Section 8005 of the 2019 Department of Defense Appropriations Act (Counts I & III) and military construction funds under 10 U.S.C. § 2808 (Count II). Shortly thereafter, the House filed an application for a preliminary injunction

(ECF No. 17) with respect to the Administration's announced intention to construct a border wall pursuant to these authorities.

After the House filed its complaint, on May 9, 2019, defendants transferred $681.525 million under Section 9002 of the Defense Appropriations Act for purposes of constructing a border wall.[1]  The House did not know at the time that it filed its original complaint that defendants would attempt to use Section 9002 as a source of authority to transfer funds to build a border wall. In its reply brief in support of its application for a preliminary injunction, the House promptly informed the Court of defendants' transfer under Section 9002 and explained that "section 9002 does not authorize transfers and expenditures on border wall construction for (at least) all of the reasons the House has previously argued" with respect to defendants' transfer under Section 8005. ECF No. 45 at 3 n.1.  The House further stated that "the House intends to amend its complaint to also contest the transfer under section 9002."  *Id.*

The Court denied the House's application for a preliminary injunction with respect to Sections 8005 and 2808 on June 3, 2019, on the ground that the House lacked standing to assert its claims.  ECF Nos. 54 & 55.[2]  The Court also directed the parties to file a joint status report proposing a schedule for further proceedings in this case.

The parties' filed a joint status report addressing further proceedings (ECF No. 57) on June 10, 2019.  In that report, the parties noted that "[o]n or before June 14, 2019, the House . . . will file a motion to amend its complaint to add a new claim alleging a violation of section 9002" and that "[d]efendants do not oppose this amendment."  *Id.* at 1.  The parties further agreed "that the

---

[1] Office of the Under Secretary of Defense (Comptroller), DOD Serial No. FY 19-02 RA, Reprogramming Action (May 9, 2019), https://tinyurl.com/May9Transfer.

[2] The House filed a notice of appeal of with respect to the Court's order denying the House's preliminary injunction on June 10, 2019.  ECF No. 56.

Court should grant the House's motion to amend and in the same order deny injunctive relief with respect to Section 9002 and dismiss the amended complaint for lack of standing for the reasons set forth in the Court's memorandum opinion and order denying the House's motion for a preliminary injunction." *Id.* at 1-2. As is relevant here, the parties finally stated that "[t]he House respectfully disagrees with the Court's standing decision, but the parties are in agreement that there is no need for any further proceedings or briefing in this case and the Court should immediately dismiss the amended complaint for lack of jurisdiction and enter final judgment so that the House may promptly appeal that order." *Id.* at 2.[3]

## ARGUMENT

1.      The Court should grant the House leave to amend its complaint to add allegations and claims concerning defendants' transfer under Section 9002 for purposes of constructing a border wall.[4] Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Pursuant to this liberal standard, "[l]eave to amend a complaint shall be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *Hill v. Fed. Judicial Ctr.*, 238 F. App'x 622, 623 (D.C. Cir. 2007) (quotation marks omitted). Leave to amend is plainly warranted here.

*First*, leave to amend is necessary to permit the House to preserve its arguments on appeal with respect to Section 9002, including preserving the House's ability to seek an injunction

---

[3] The parties additionally noted the House's intention to file an amended notice of appeal and a motion for an injunction pending appeal. *See id.* at 2.

[4] Fed. R. Civ. P. 15(a)(B) provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier" if "the pleading is one to which a responsive pleading is required." Defendants have not filed a responsive pleading or Rule 12 motion, and thus the House may amend its complaint as a matter of course. However, the parties' joint status report stated that the House would file a motion to amend its complaint, and the House therefore files the instant motion consistent with that report.

pending appeal.   Currently, no other federal court has issued an injunction with respect to defendants' construction of a border wall using funds transferred under Section 9002.   Even if another district court did issue such an injunction, that injunction may be stayed pending appeal or reversed on the merits.   It is therefore very important to the House that it preserve its ability to seek relief with respect to Section 9002, including an injunction pending appeal pursuant to Federal Rule of Appellate Procedure 8.

*Second*, there is no undue delay or bad faith, nor will the House's amendment prejudice defendants.   The House did not know at the time that it filed its original complaint in this matter that defendants would invoke their purported authority under Section 9002 in order to transfer funds for purposes of constructing a border wall.   The House is seeking leave to amend its complaint in a timely manner, and defendants do not oppose the House's amendment.

*Finally*, the House's amendment is not futile.   Although the Court denied the House's application for a preliminary injunction with respect to Sections 8005 and 2808 for lack of standing, the Court noted that this case presents a "close question" and "the lack of any binding precedent" on this issue.   ECF No. 54 at 24.   The House respectfully disagrees with the Court's decision, and its appeal of that decision is clearly not futile in light of the Court's statements.

2.   The House additionally requests an order denying injunctive relief with respect to Section 9002 pursuant to Rule 65 and entering judgment pursuant to Rule 58.

For the reasons set forth more fully in the House's amended complaint, the House is entitled to preliminary and permanent injunctive relief with respect to defendants' invocation of Section 9002 pursuant to Rule 65.   By its terms, Section 9002 "is subject to the same terms and conditions as the authority provided in section 8005" and therefore defendants' transfer under Section 9002 fails for the same reasons that defendants' transfers under Section 8005 fail.   In addition, Section

9002 only authorizes defendants to transfer funds "between the appropriations or funds made available to the Department of Defense" in Title IX of the Defense Appropriations Act.  And while Title IX contains an additional appropriation for the Department of Defense's Drug Interdiction and Counterdrug Activities account, these funds were specifically designated "by the Congress for Overseas Contingency Operations/Global War on Terrorism," and cannot be diverted to build a wall along the southern border.

As the parties explained in the joint status report, however, "the parties are in agreement that there is no need for any further proceedings or briefing in this case" on the House's amended complaint, including its request for injunctive relief with respect to Section 9002, in light of the Court's standing decision.  ECF No. 57 at 2.  Thus, "in the same order" granting the House leave to file its amended complaint, the parties agree that the Court should "deny injunctive relief with respect to Section 9002 and dismiss the amended complaint for lack of standing for the reasons set forth in the Court's memorandum opinion and order denying the House's motion for a preliminary injunction."  *Id.* at 1-2.  In addition, "the Court should immediately dismiss the amended complaint for lack of jurisdiction and enter final judgment so that the House may promptly appeal that order." *Id.* at 2.

## CONCLUSION

The Court should therefore grant the House leave to file the attached proposed amended complaint, deny the House injunctive relief with respect to Section 9002, and enter final judgment. A proposed amended complaint, a redline, and a proposed order are attached.

Respectfully submitted,

*/s/ Douglas N. Letter*
DOUGLAS N. LETTER (D.C. Bar No. 2533492)
    *General Counsel*
TODD B. TATELMAN (VA Bar No. 66008)
    *Deputy General Counsel*
MEGAN BARBERO (MA Bar No. 668854)
    *Associate General Counsel*
JOSEPHINE MORSE (D.C. Bar No. 1531317)
    *Associate General Counsel*
KRISTIN A. SHAPIRO (D.C. Bar No. 1007010)
    *Assistant General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C. 20515
Telephone: (202) 225-9700
douglas.letter@mail.house.gov

*Counsel for Plaintiff the United States House of*
    *Representatives*

June 14, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2019, I caused the foregoing document to be filed via the U.S. District Court for the District of Columbia's CM/ECF system, which I understand caused a copy to be served on all registered parties.

*/s/ Douglas N. Letter*
Douglas N. Letter
